IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JEREMY ROWLAND**                                                                    **PLAINTIFF**

V.                              No. 4:21-CV-00660-ERE

**KILOLO KIJAKAZI, Acting
Commissioner of Social Security**                                          **DEFENDANT**

**ORDER**

Plaintiff, Jeremy Rowland, appeals the final decision of the Commissioner of the Social Security Administration denying his Title II application for disability insurance benefits. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.       BACKGROUND**

On December 16, 2019, Mr. Rowland protectively filed an application for benefits due to post-traumatic stress disorder, fatty liver disease, bulging discs, degenerative disc disease, right hip issues, a torn rotator cuff, torn cartilage in right arm, degenerative joint disease, dislocation in both knees, high blood pressure, high cholesterol, recurrent ulcers, sleep apnea, and status post knee surgeries and ankle surgery. *Tr. 93-95*.

At Mr. Rowland's request, an Administrative Law Judge ("ALJ") held a hearing on November 20, 2020, where Mr. Rowland appeared with his lawyer, and the ALJ heard testimony from Mr. Rowland and a vocational expert ("VE"). *Tr. 45-*

1

73. The ALJ issued a decision on December 17, 2020, finding that Mr. Rowland was not disabled. *Tr. 16-29*. The Appeals Council denied Mr. Rowland's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 5-10*.

Mr. Rowland, who was forty-three years old at the time of the hearing, has a bachelor's degree in business administration. *Tr. 50-51*. He has past relevant work experience as a bookkeeper. *Tr. 52*.

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Rowland had not engaged in substantial gainful activity since October 1, 2019 and he has the following severe impairments: degenerative disk disease of the lumbar spine, degenerative changes to the right shoulder and bilateral knees and obesity. *Tr. 21*. However, the ALJ found that Mr. Rowland did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 23*.

According to the ALJ, Mr. Rowland has the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: (1) can only occasionally climb stairs and ramps, stoop, crouch, kneel, and crawl; (2) must avoid

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

climbing ladders, ropes, and scaffolds and should refrain from working at unprotected heights; (3) can frequently reach overhead, but not constantly; (4) limited or no foot control operation; (5) should avoid temperature extremes and would requires an inside climate controlled environment; and (6) may require a cane for assistance for distance walking but not for sedentary work. *Tr. 23*.

In response to hypothetical questions incorporating the above limitations, the VE testified Mr. Rowland could perform his past relevant work as a bookkeeper. *Tr. 68*. The VE also testified that there were unskilled jobs available with these limitations, such as surveillance system monitor and addresser. *Tr. 70-71*. Accordingly, the ALJ determined that Mr. Rowland could perform a significant number of other jobs existing in the national economy, and found he was not disabled.

### III. DISCUSSION

#### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th

Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B. Mr. Rowland's Arguments for Reversal

#### 1. The ALJ's hypothetical question was incomplete and deviated significantly from the assessed RFC.

Mr. Rowland asserts that the ALJ failed to consider state agency medical consultant Dr. Alice Davidson's opinion in the hypotheticals. Dr. Davidson concluded that Mr. Rowland could sit six hours in an eight-hour workday. *Tr. 99*. Sedentary work requires only occasional walking and standing. 20 C.F.R. § 404.1567. Since "occasional" is "up to one-third of the time," the RFC is not contrary to Dr. Davidson's assessment. *Owens v. Colvin*, 727 F.3d 850, 852 (8th Cir. 2013). The fact that ALJ used the phrase "for the most part" rather than "occasional" is irrelevant. *Tr. 67*.

The ALJ also used the phrase "limited overhead reach" which Mr. Rowland argues is too vague. However, the VE appeared to understand what the ALJ meant by "limited" and testified that the overhead reaching for bookkeeping would be limited. *Tr. 69*. Additionally, the ALJ's hypothetical also included "frequent

4

reaching and handling." *Tr. 67*. The ALJ's decision clearly sets out that Mr. Rowland could perform jobs that required frequent, but not constant, reaching. *Tr. 23*. Finally, any error would be harmless because the VE testified, and ALJ concluded, that Mr. Nowland could also perform the job of surveillance system monitor, which requires no reaching. Tr. 28, 70; *see* DOT #379.367-010.

> **2. The sequential analysis at Step 4 is not supported by substantial evidence.**

Mr. Rowland asserts that "the ALJ's comparison of the plaintiff's RFC with the physical and mental demands of the job of bookkeeper was legally insufficient." *Doc. 14*. Mr. Rowland correctly points out that the ALJ had a duty to get a VE to clear up any conflicts between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT"). *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014). The ALJ also had a duty to explain the clarification in his ruling. *Id.*

At the hearing, the ALJ and VE discussed the fact that noted that "the DOT does not explain directional reaching." *Tr. 68*. The VE testified that she was familiar with how the work was performed and that overhead reaching was possible in the job as a bookkeeper. *Tr. 69*. The VE agreed that her findings were based on her "personal experience and . . . knowledge . . . [of] how these jobs are performed. *Tr. 71-72*.

In similar cases dealing with the subtle difference between occasional and frequent reaching, district courts have held that a VE may rely on her judgment and

experience with the jobs in questions to resolve any arguable conflict. See *Jones-Brinkley v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-00058-JTK, 2021 WL 371689 (E.D. Ark. Feb. 3, 2021). While a few cases from this Circuit have reversed an ALJ for failing to resolve a reaching conflict, those cases are distinguishable, because the VE in those cases either did not address the conflict or gave a one-word response.[2] In this case, however, the ALJ: (1) recognized the conflict; (2) asked the VE about the conflict; (3) followed up with another question about the VE's experience with the jobs in question; and (4) discussed the testimony in his decision. Accordingly, the ALJ sufficiently clarified any conflict between the DOT and overhead reaching limitation.

### 3. The ALJ erred in finding that Ms. Rowland's sleep apnea was not a severe impairment.

Mr. Rowland contends that the ALJ failed to "properly evaluate or consider sleep apnea in his decision" and should have found it to be a severe impairment. *Doc. 14*. Mr. Rowland points out that Dr. Davidson found that his "sleep apnea appears to be stable and moderately limiting." *Tr. 101*. The ALJ recognized this fact and included it in his decision. The ALJ found that Mr. Rowland had "a history of sleep apnea that responds well to a C-Pap machine . . . Due to his compliance and

---

[2] See *Moore v. Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014); *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014); *O'Leary v. Colvin*, 2014 U.S. Dist. LEXIS 199341, at *3 (W.D. Mo. Feb. 7, 2014).

its effectiveness, he only requires annual visits to the Sleep Clinic." *Tr. 22*. "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). The ALJ also noted that the "majority of the treating records as of the amended onset date primarily address his left knee pain." *Id.* The medical records show no functional limitations related to the sleep apnea. There is no evidence in the record that Mr. Rowland's sleep apnea affected on his ability to perform basic work activities.

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision. There is no legal error.

Accordingly, Mr. Rowland's appeal is DENIED and judgment will be entered for the Commissioner. The Clerk of Court is directed to close the case.

IT IS SO ORDERED this 1st day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE